UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAURENCE LONG,

        Plaintiff,                        Case No. 12-cv-15586

v                                              Honorable Thomas L. Ludington

SAGINAW COUNTY and
WILLIAM FEDERSPIEL

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants move for reconsideration of this Court's May 8, 2014 Order granting in party and denying in part their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. In the Order (ECF No. 35), the Court dismissed Plaintiff Lawrence Long's state law claims and his Fourth Amendment claim regarding his client meetings in the Saginaw County Courthouse. However, the Court determined that there was a genuine issue of material fact regarding Long's Fourth Amendment claim that Defendants violated his rights by videorecording his meeting with a client in the Saginaw County Jail. Because the May 8, 2014 Order does not contain a "palpable defect," Defendants' motion for reconsideration of that Order will be denied.

I

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is

"obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id.* (quoting E.D. Mich. 7.1(h)(3)).

## II

In their motion for reconsideration, Defendants claim the Court erred in two ways. First, Defendants contend that their reliance on *Kent v. Johnson*, the only case cited in support of their argument that video surveillance does not constitute a search, was de minimis. Instead of focusing on (and rejecting the applicability of) *Kent*, the Court should have focused on the other cases cited by Defendants. Second, Defendants now seek to identify new evidence that allegedly demonstrates that Long's expectation of privacy was objectively unreasonable. The Court will address each argument in turn.

### A

Defendants first contend that this Court erred when it "cited to Defendants' reliance on *Kent v. Johnson*," because "any such reliance by Defendants with regard to *Kent* was de minimus at best." Instead, the Court should have focused on Defendants' reliance on *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Spear v. Sowders*, 71 F.3d 626 (6th Cir. 1995). Upon examining each of these cases, the Court is not persuaded that it made a palpable defect in its earlier decision.

#### i

As detailed in its May 8, 2014 Order, the Court rejected Defendants' reliance on *Kent* in support of the argument that video surveillance in prisons does not constitute a Fourth Amendment search. Even assuming that Defendants did not intend to rely heavily on *Kent*—they cited *Kent* three times in their motion—it is the only case cited by Defendants that could

arguably support their contention that video surveillance is not a "search" under the Fourth Amendment. *See* Motion to Dismiss 11, ECF No. 31 ("the 6th Circuit has determined that visual security surveillance of prisoners does not constitute a search within the meaning of the 4th Amendment. *Kent v. Johnson*, 821 F2d[sic] 1220 (6th Cir. 1987)"). Despite only citing one case to support the proposition (*Kent*), Defendants argued that video surveillance does not constitute a search. Therefore, to adequately evaluate Defendants' argument, the Court, by necessity, needed to thoroughly examine *Kent*. Accordingly, to the extent that Defendants contend that this Court should not have closely examined the holding in *Kent*, this argument will be rejected.

**ii**

Next, Defendants contend that the Court did not give proper attention to two other cases cited in their brief, *Hudson* and *Spear*. In their motion for reconsideration, Defendants do not explain how these two cases would lead to a different result from the Court's prior decision. Instead, Defendants merely explain the holding of each case, without applying that holding to the facts of the case at hand. Therefore, some brief attention will be given to *Hudson* and *Spear* to determine whether they would require a change in this Court's prior Order.

First, the Supreme Court's holding in *Hudson* focused on the scope of prisoners' Fourth Amendment rights. The Supreme Court held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." 468 U.S. at 526. Thus, the holding in *Hudson* is inapposite to the facts here: Long is not a prisoner, nor did the search take place in a prison cell. To the extent that Defendants continue to rely on *Hudson*, it is inapposite to the facts of the instant case.

Second, the holding in *Spear* does not affect this Court's earlier decision. In *Spear*, the Sixth Circuit recognized that "the Fourth Amendment does not afford a person seeking to enter a

penal institution the same rights that a person would have on public streets or in a home." 71 F.3d 626, 629-30 (1995). Indeed, the Sixth Circuit concluded that a "visitor . . . acknowledges a lesser expectation of privacy" when visiting a penal institution.

But although a visitor may have a lesser expectation of privacy, the visitor nonetheless can still have some expectation of privacy—at least, for any practice not inconsistent with penal security. As noted in the Court's Order denying summary judgment on one of Long's Fourth Amendment claims, there is an issue of fact regarding whether Long had a reasonable expectation of privacy when meeting with his client at the Saginaw County Jail: "No signs warned of the possibility of surveillance, neither attorneys nor their clients were told of the possibility of surveillance, and there were no indications that the camera in the small classroom was on or recording the events." Order 11, ECF No. 35. Because *Spear* does not preclude a visitor from having Fourth Amendment protections, Defendants have not identified a palpable defect in the Court's earlier order.

**B**

Defendants next contend that Long's subjective expectation of privacy was objectively unreasonable. For the first time, Defendants attempt to introduce screenshots that were not included with their motion for summary judgment depicting Long looking at and pointing to the camera in the small classroom. But motions for reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 281 (E.D. Mich. 1997) (citing *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Court notes that the newly presented evidence—the screenshots—was available to Defendants at the time they filed their original motion for summary judgment. Thus, Defendants have not shown that the DVD content is "new evidence," rather, it is evidence that Defendants elected not to include with their motion for summary judgment.

Even if the Court considered the screenshot evidence, however, it would not produce a different result. Defendants contend that the screenshots show that Long "had knowledge of the video surveillance in question. . . . because he looked directly at the camera, visually inspecting it and pointing the camera out to his client." Reconsideration at 7.

However, the issue is not whether Long saw the camera or knew that there was a camera in the room; the issue is whether he knew the camera was actively recording his meetings with his client. Long's actions in glancing at and pointing at the camera may establish that he saw the camera in the room, but they do not establish that he knew the camera was recording. Indeed, as described in Sergeant Rasco's deposition, there was no indication that the camera might be recording:

> Q: Now, is there anything on the video camera in the small classroom that would suggest that it was on, if it was on, if you were to look at it? Like is there a red light that's on, you know, anything like that?
>
> Rasco: No, it's a surveillance camera, so no, none of that.

Rasco Dep. at 23. Accordingly, even considering Defendants' newly-presented evidence, there is still a question of fact precluding summary judgment on Long's Fourth Amendment expectation of privacy claim.

In sum, Defendants may not rely on evidence presented for the first time on a motion for reconsideration—especially when it could have been presented in the motion for summary judgment. *Denard v. Williams*, 2012 WL 933321, at *1 (E.D. Mich. Mar. 20, 2012). Moreover,

even if the Court did consider the screenshots, there remains a genuine issue of material precluding summary judgment regarding Long's Fourth Amendment claim.

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration (ECF No. 36) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: May 28, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2014.

                      s/Tracy A. Jacobs
                      TRACY A. JACOBS