UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAURENCE A. LONG,

                Plaintiff,                          Case No. 12-cv-15586

v                                            Honorable Thomas L. Ludington

COUNTY OF SAGINAW,

                Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTIONS IN LIMINE

Trial in this matter is set to begin on June 2, 2015. Plaintiff Laurence Long's sole remaining claim is that he was injured when Saginaw County personnel videotaped him and a client in a conference room at the Saginaw County Jail in violation of his Fourth Amendment rights.

On January 19, 2015, Saginaw County filed four motions in limine seeking to preclude certain testimony. Each motion in limine will be addressed in turn.

### I.

First, Saginaw County seeks to preclude testimony about a lawsuit previously filed against Saginaw County concerning a policy relating to detainees in administrative segregation. ECF No. 62. Saginaw County claims that the prior lawsuit is not relevant to this litigation and would be highly prejudicial if admitted. Long acknowledges that he is not planning to introduce testimony about this prior lawsuit. ECF No. 66. Accordingly, Saginaw County's motion in limine to preclude testimony about the previous lawsuit against Saginaw County will be granted.

### II.

Next, Saginaw County seeks to preclude the introduction of testimony about previously dismissed claims in this lawsuit. Several claims, such as a right to privacy, due process, equal protection, federal wiretapping, and state law tort claims have all either been dismissed by this

Court or abandoned by Long.  *See* Order Granting in Part Motion to Dismiss (ECF No. 23); Order Granting in Part Motion to Dismiss Amended Complaint (ECF No. 35).  Saginaw County contends that the introduction of testimony concerning previously dismissed claims would be irrelevant and would cause jury confusion.

Long does not dispute that most of the dismissed claims would be irrelevant, but contends that testimony concerning the attorney-client privilege ensured by the Sixth Amendment is relevant to his claim.  Long explains that his knowledge of the attorney-client privilege informed his belief that his client meetings in the jail would be confidential and would not be recorded.

To succeed on his Fourth Amendment claim, Long will need to establish that his subjective expectation of privacy in his meeting with his client in the Saginaw County Jail was reasonable—or, as Defendants phrased it in their proposed jury instructions, that "the expectation of privacy is one that our society is willing to recognize under the particular circumstances of this case."  The Sixth Amendment attorney-client privilege provides some evidence to support both Long's subjective expectation of privacy and the reasonableness of that subjective expectation.  And Long need not be an expert to explain his understanding of the attorney-client privilege and the effect that understanding had on his subjective expectation of privacy in the Saginaw County Jail.  Accordingly, Saginaw County's motion in limine to preclude testimony concerning previously dismissed claims and the Sixth Amendment attorney-client privilege will be granted in part and denied in part.  To the extent that Saginaw County seeks to preclude testimony concerning the attorney-client privilege, the motion in limine will be denied.

### III.

Importantly, Long's claim, on its face, is simply that his constitutionally protected right to be free from unreasonable searches was violated by Saginaw County Jail staff's (presumably) accurate recording of his meetings with his client.  Saginaw County, however, is concerned that

Long will seek to connect the staff's act of videotaping his conduct during the conference with later adverse decisions by other Saginaw County personnel.  Sargent Rasco, for example, viewed the presumably accurate videotape where Long and his client greeted each other with a hug and sat "very close to one another in a familiar sort of way."  Pl.'s Resp. Ex. 3.  She then brought it to the attention of Captain Gutzwilller, who in turn brought it to the attention of Judge Kaczmarek,[1] who removed Long from the list of attorneys eligible to represent criminal defendants in Saginaw County and informed the Attorney Grievance Committee.

So, Saginaw County  seeks to preclude testimony about "statements by [members of the public] in connection with [Long's] claim that Deputy Rasco's report painted him in a false light and in support of his other claims," as irrelevant.  ECF No. 61 at 8.  For example, Saginaw County highlights Long's hearsay testimony that an "unknown deputy" told Saginaw County Judge Thompson that "they" wanted Long to withdraw from representing the client, and if he did not withdraw, that "they" would contact the prosecutor and ask that Long be prosecuted:

> Long: I was called into [Judge Thompson's] chambers two days after Easter 2012.  He advised me that he had had somebody from the Saginaw County sheriff's department come to his chambers the week previous and tell him . . . .  My interpretation of the thing is, number one, [Judge Thompson] didn't know who it was.  But number two, that Saginaw County jail was getting tired of bringing Ms. Messing over to see me.  And they wanted him, Judge Thompson, to have me withdraw from the case.  And that if I did not do so, they were going to contact the prosecutor, Mike Thomas, and ask that I be prosecuted.

ECF No. 61 Ex A at 94. Similarly, Saginaw County seeks to exclude testimony about Judge Kaczmarek's decision to remove Long from the county appointment list and to submit a grievance with the Michigan Bar Association.

---

[1] It is unclear from the parties' papers whether Judge Kaczmarek ever viewed the videotape before removing Long from the appointment list.  In conference, Long has represented that Kaczmarek will testify that he only removed and reported Long because he believed Long had engaged in "sexual stuff."  That is, had Kaczmarek known that the video did not contain any sexual conduct, Kaczmarek would not have punished Long.  In other words, the video apparently would have *exonerated* Long and prevented Kaczmarek from punishing Long—raising interesting causation issues for trial.

Long argues that such testimony is relevant because "the Fourth Amendment violation by Defendant resulted in the public disclosure of purported information regarding what was a private and confidential meeting . . . ." Resp. 6, ECF No. 68. That is, Long claims there is a causal connection between the videotape of his conduct and the later injury he suffered (humiliation in the community and loss of income) as a result of the erroneous conclusions that were drawn and reported to third parties by various Saginaw County personnel. But for the videotaping of his client conferences, he argues none of these later events would have occurred.

"Damages under 42 U.S.C. § 1983 must be measured by normal tort law principles," *Pembaur v. City of Cincinnati*, 947 F.2d 945 at *2 (6th Cir. 1991), including principles of but-for and proximate causation. While it is difficult to understand how Long connects the surveillance and production of the videorecording of his conduct with the later decisions of third-parties, issues of but-for and proximate causation are ultimately factual determinations and, accordingly, are to be determined by the jury, not the Court.[2]

Saginaw County also contends that the statements made by the Saginaw Circuit Court Judges—such as Judge Thompson—may not be introduced as admissions by representations of Saginaw County because they are agents of the State of Michigan. While it is accurate to suggest that the judges are employees of the State of Michigan, they also participate and indeed supervise Saginaw County-operated programs and employees. For example, the judges can add or remove attorneys from the indigent appointment list, which is created by and financed by county funds. Accordingly, it is for the jury to decide whether the judges were acting in the capacities of employees of the State of Michigan or in the capacity as a county representative.

**IV.**

---

[2] For example, was the surveillance of Long's client meetings a but-for cause of the subsequent conduct? In her deposition, Sargent Rasco explains that even before she began surveilling Long's client meetings, she had become "alarmed" by Long's behavior given "[h]is inquiry about her seeing medical; him coming to see her as often as he came to see her; and little things that other officers were observing about him and [client]." Pl.'s Resp. Ex. 3, 5, ECF No. 21. So, there is the possibility that even without the videotape (which, again, should have extinguished the jail personnel's suspicions if it was an accurate recording) was not the but-for cause of any subsequent misinformation and rumor about Long's conduct.

Accordingly, it is **ORDERED** that Saginaw County's Motion in Limine to Preclude Introduction of Prior Lawsuits (ECF No. 62) is **GRANTED**.

It is further **ORDERED** that Saginaw County's Motion in Limine to Preclude Testimony of Other Violations and Legal Opinions (ECF No. 63) is **GRANTED IN PART AND DENIED IN PART**.   To the extent that Saginaw County seeks to preclude testimony regarding the attorney's duty of confidentiality to clients and the attorney-client privilege, the motion is **DENIED**.

It is further **ORDERED** that Saginaw County's Motion in Limine to Preclude Testimony (ECF No. 61) and Motion in Limine to Preclude Evidence Relating to Reports (ECF No. 64) are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 21, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager